**Opinion filed May 18, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00290-CV

_____

## IN THE INTEREST OF A.O., A CHILD

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 10371-CX**

## MEMORANDUM OPINION ON MOTION FOR REHEARING

On April 6, 2023, this court issued an opinion in this cause in which we held that the evidence was legally sufficient to support all of the trial court's findings with respect to Appellant but that the evidence was factually insufficient to show that the termination of Appellant's parental rights was in the best interest of A.O. The Department of Family and Protective Services has filed a motion for rehearing in which it asserts that "critical evidence" was missing from this court's analysis. Although we previously considered all of the evidence in the record, we now address the Department's stated concerns.

The Department points to evidence in the record indicating that Appellant failed to comply with various provisions of his family service plan. We held in our April 6 opinion that the evidence was legally sufficient to show that Appellant failed to comply with the provisions of his family service plan, and we pointed out that Appellant conceded this fact in his testimony. Because we upheld the trial court's finding related to Appellant's failure to comply with the terms and conditions of his court-ordered family service plan, we did not detail all of Appellant's failures in this regard. *See In re N.G.*, 577 S.W.3d 230, 236 (Tex. 2019) (recognizing that, "when a court of appeals *reverses a finding* based on insufficient evidence, the court must 'detail the evidence relevant to the issue of parental termination and clearly state why the evidence is insufficient to support a termination finding by clear and convincing evidence'" (emphasis added) (quoting *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014))); *see also In re C.H.*, 89 S.W.3d 17, 19 (Tex. 2002) (same).

We agree with the Department, as we did in our original opinion, that the evidence shows that Appellant failed to comply with his court-ordered family service plan. He failed to complete parenting classes, failed to obtain stable housing, failed to provide information about the person with whom he lived, drove without a valid license, and failed to submit to at least two of the Department's requests for drug testing.

The Department also asserts in its motion for rehearing that this court "assume[d]" that Appellant was in compliance with his probation. We did not, nor did we state that he was in compliance with his probation. We stated: "*Appellant testified* that, at the time of the termination hearing, he was in compliance with all of the terms and conditions of his probation" and that the record did not indicate otherwise. The record shows that the Department had had no contact with

Appellant's probation officer and that the case manager for the Department testified that she "[did] not know" if Appellant was "compliant with his probation officer."

Pursuant to Appellant's service plan, he was court-ordered to continue daily testing through a breathalyzer provided by his probation officer, the results of which were sent directly to the probation officer. Under the service plan, the Department was responsible for contacting Appellant's probation officer in regard to the results of his in-home breathalyzer tests and his progress with the terms and conditions of probation. The service plan provided: "If needed, [Appellant] will sign a release of information to allow 2INgage to communicate with his probation officer regarding his progress."

In support of its motion for rehearing, the Department points to the permanency case manager's testimony indicating that Appellant refused to provide his probation officer's information to the caseworker and that she, therefore, did not know if Appellant was in compliance with his probation. The Department, however, fails to acknowledge the case manager's testimony on cross-examination:

> Q. Do you know whether . . . his probation officer's information was ever provided to [the prior caseworker]?
>
> A. I do not know.
>
> Q. At what point prior to yesterday when you were trying to verify that he had permission to travel here did you ask him for his probation officer's information?
>
> A. I don't believe I did before that.
>
> Q. So, you've been on this case since February of 2022; and you've never asked him for his probation officer's information.
>
> A. Correct.
>
>  . . . .
>
> Q. Okay. Did you call the probation department where he lives . . . ?
>
> A. No, ma'am, because I need him to sign a release form --

Q.  Okay.

A.  -- in order for me to be able to contact. . . .

. . . .

Q.  . . . At what point, ma'am, did you ask him to sign a release form for you?

A.  I didn't ask him yet.

The Department additionally asserts that Appellant failed to attend AA as required.  The Department's case manager testified that Appellant failed to provide any sign-in sheets from AA meetings; however, she later testified that the Department may have agreed that Appellant's participation in a supportive outpatient program would replace the requirement that he attend AA meetings.

When issuing its ruling, the trial court stated that "the clear and convincing standard . . . doesn't take into account some of the failures by the various 2INgage workers with regard to the timing that they did something or how they did something; but . . . (O) requires proactive activity" by the parent.  In issuing our previous opinion, we upheld the trial court's finding under subsection (O) and held that a rational trier of fact could have formed a firm belief or conviction that its finding under subsection (O)—that Appellant failed to comply with the provisions of a court order that specifically established the actions necessary for Appellant to obtain the return of A.O.—was true.  *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(O) (West 2022); *see also In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (stating the appellate standard of review).  We considered the entire record, but it was not necessary to detail all of the evidence related to the finding under subsection (O) in the opinion—because we did not hold that the evidence was insufficient to support the trial court's finding under subsection (O).

We further note that we did consider (1) the entire record—including the evidence addressed in this opinion on motion for rehearing and all other evidence in

4

the record—and (2) the nine non-exhaustive *Holley* factors when we addressed Appellant's challenge to the sufficiency of the evidence with respect to the trial court's best interest finding and determined that the evidence was factually insufficient to support the trial court's finding that termination of Appellant's parental rights would be in A.O.'s best interest. *See Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976).

We deny the Department's motion for rehearing.


W. BRUCE WILLIAMS

JUSTICE


May 18, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.